UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CLIFFORD D. MORRIS                                                       Plaintiff

v.                                          Civil Action No. 3:18-cv-P633-RGJ

MARK BOLTON, *et al.*                                      Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Clifford D. Morris filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action upon screening.

## **I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff, a pretrial detainee at the Louisville Metro Department of Corrections (LMDC) at the time he filed his complaint,[1] sues the following Defendants: Mark Bolton, the Director of LMDC; Jefferson Circuit Court Judges Susan Gibson and Ann Delhaney; and Dr. Russell Williams, whom he identifies as a "Psy. D." He sues all Defendants in both their individual and official capacities.

Plaintiff states that in "August 2016 and each court date I made their forward in 2016 in Judge Ann D. court Rm 101, I ask for counsel be replaced that I fire Kalson Chan off my case because didn't file compency test, fast and speedy trial motion in my case." He reports that "Ann D. stated he wouldn't be replaced and don't take rocket docket deal you'll not like out come escape II in court August 2016." Plaintiff asserts that this violated his rights under the Sixth, Eighth, and Fourteenth Amendments.

---

[1] Plaintiff has since filed a notice of change of address showing that he has been released from incarceration (DN 9).

Plaintiff also states, "12-2-16, 1-26-17, 7-17-17 Judge Susan G. allowed Kalson Chan to remain on my case's after fired him in court hearings." He asserts, "This violates my C/R 6, 8, 14th Amendment by Kalson C and Susan G. . . ."

Plaintiff further states the following:

> On 2-11-17 Dr. Williams and Dr. Eye do compency test at LMDC gym room for 3 hours of testing. With me fully compling with both doctors. They leave saying be back in March with test results, next time see Dr. Williams is on 5-3-17 at [Kentucky Correctional Psychiatric Center] day room after I refuse visit him security violated my 8th Amendment by allowing Dr. to come inside unit. I refused speak and said fire Kalson. I refuse visit Dr     7-15-17 LMDC security violates C/R 8th Amend by letting him in to unit I refuse talk & said [illegible] them. 9-11-17 compency hearing Susan G violated my C/R 6, 8, 14th Amendment by allowing Chan. Dr. Williams manipulate my right to represent myself and allow them hold hearing after fired them. Dr. Allen testified I was comptent 9-11-17 and my second trip to KCPC on hearing date 3-12-18, Kalson, Susan, Dr. Williams manipulated my C/R 6, 8, 14th Amendment and sent me back for 3rd compency at KCPC.

Plaintiff asserts, "Security & Mark Bolton allowed Dr on 2-19-18 after refused visit Dr. Williams again. Susan, Kalson, Dr. Williams my KCPC trip has been cruel treatment, and Dr. Allen prove comptent 9-11-17 and 3-12-18 and last trip 7-13-18." He continues, "Susan, Kalson Dr. Williams violates my C/R 6, 8, 14th Amendment that keep me in jail."

Plaintiff further states, "Mark Bolton has played roll in keeping me incarcerated by security allowing Dr. Williams into LMDC 7-15-17 and 2-19-18 after refuse visit him both dates. Mark violates my C/R 8th Amendment that keeps me incarcerated."

As relief, Plaintiff seeks compensatory and punitive damages and "released on O/R bonds all charges Circuit District."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

## III. ANALYSIS

### A. *Defendants Gibson and Delhaney*

The official-capacity claims against the Defendant Circuit Court judges will be dismissed on two bases. First, state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Second, the Eleventh Amendment acts as a bar to claims for monetary damages against state officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Bennett v. Thorburn*, No. 86-1307, 1988 U.S. App. LEXIS 4035, at *2 (6th Cir. Mar. 31, 1988) (holding that an official-capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment).

As to the individual-capacity claims, judges are entitled to judicial immunity arising out of the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219 (1988); *Dennis v. Sparks*, 449 U.S. 24 (1980). Judicial immunity from suit applies even when a judge is accused of acting maliciously or corruptly. *Mireles*, 502 U.S. at 11. Judicial immunity from suit can be overcome in two situations. A judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity, or for actions, though judicial in nature, which are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349 (1978). Neither exception applies here. Plaintiff's individual-capacity claims against Defendants Gibson and Delhaney for monetary damages are, therefore, barred by judicial immunity.

Moreover, Plaintiff's claims for injunctive relief also fail because under 42 U.S.C. § 1983 injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory

relief was unavailable." § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege any facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, any claim for injunctive relief is also barred. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

Accordingly, the claims against Defendants Gibson and Delhaney in their official and individual capacities will be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant who is immune from such relief.

### *B. Defendant Chan*

Plaintiff does not list attorney Chan as a Defendant in the complaint. However, he alleges violations "of my C/R 6, 8, 14th Amendment by Kalson C and Susan G. . . ." Construing the complaint broadly, as the Court is required to do at this stage, the Court will construe the allegations as asserting a claim against Chan.

Under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Accordingly, Plaintiff's claim against Defendant Chan will be dismissed for failure to state a claim upon which relief may be granted.

## C. Defendant Williams

Based on the allegations, the Court concludes that Defendant Williams was the court-appointed psychologist who performed a competency evaluation of Plaintiff and gave testimony regarding the evaluation in his state criminal case. Plaintiff's official-capacity claim against Defendant Williams fails for the same reasons that the official-capacity claims failed against Defendant Gibson and Delhaney. State officials or employees sued in their official capacities for money damages are not "persons" subject to suit under § 1983, *Will v. Mich. Dep't of State Police*, 491 U.S. at 71, and the Eleventh Amendment acts as a bar to claims for monetary damages against state officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.

Turning to the individual-capacity claim against Defendant Williams, Plaintiff's allegations are based on the competency evaluation Defendant Williams performed on Plaintiff and his testimony regarding the evaluation. Witnesses enjoy absolute immunity from civil suit for damages based upon their proffered testimony. *See Briscoe v. LaHue*, 460 U.S. 325, 341-46 (1983). In the same vein, a psychologist or psychiatrist appointed by the court to conduct a competency examination performs functions essential to the judicial process and has absolute immunity from suit. *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987); *see also Morstad v. Dep't of Corr, & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998) (psychologist who evaluated probationer pursuant to court order was absolutely immune from damages in a § 1983 action); *Robbins v. Cty. of Boulder*, No. 14-cv-01032-BNB, 2014 U.S. Dist. LEXIS 111238, at *11 (D. Col. Aug. 12, 2014) (finding that the psychiatrist who evaluated the plaintiff and offered her opinion regarding his competence to stand trial is "absolutely immune for liability in damages for

such testimony"); *Lackey v. Petty*, No. 3:12-CV-13 (CAR), 2012 U.S. Dist. LEXIS 144251, at *6 (M.D. Ga. Oct. 5, 2012) ("As a court-appointed psychologist, Dr. Smith is absolutely immune from liability for damages in connection with his assessment of Plaintiff's competency and submission of his Evaluation to the Walton County Superior Court.") As the Court-appointed psychologist who performed Plaintiff's competency evaluation, Defendant Williams has absolute immunity from Plaintiff's § 1983 claims for monetary damages.

Moreover, Plaintiff's request for injunctive relief, *i.e.*, to be "released on O/R bonds all charges Circuit District," also fails. Even if Defendant Williams had the ability to grant such relief, which he does not, Plaintiff has now been released from custody. Therefore, his claim for injunctive relief must be denied as moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Accordingly, the individual and official-capacity claims against Defendant Williams will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary damages from a defendant who is immune from such relief.

### *D. Defendant Bolton*

The Court construes Plaintiff's official-capacity claim against Defendant Bolton as brought against Bolton's employer, Louisville Metro Government. *See Kentucky v. Graham*, 473 U.S. at 165 ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Therefore, the Court will examine whether

7

Plaintiff has stated a constitutional violation against Defendant Bolton to determine whether he has stated a claim against Defendant Bolton in both his official and individual capacities.

Plaintiff alleges that Defendant Bolton and "Security" violated his Eighth Amendment rights by allowing Defendant Williams to visit him at LMDC even though Plaintiff had refused the visit. Plaintiff was a pretrial detainee at the time of the events alleged in the complaint. While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, the Due Process Clause of the Fourteenth Amendment provides the same protections to a pretrial detainee. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). Therefore, the Eighth Amendment claim must be dismissed, but the Court will consider whether Plaintiff has stated a claim under the Fourteenth Amendment. "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id*. (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[2]

The Court can discern no violation of the Eighth/Fourteenth Amendment in Plaintiff's allegations. The Eighth Amendment prohibits conduct by prison officials which involves the "'unnecessary and wanton infliction of pain.'" *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other

---

[2] At this time, the Sixth Circuit has recognized only one explicit exception to this general rule, applying it only to excessive-force claims brought by pretrial detainees. *Id*. at 938 n.3 (noting that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective-intent requirement for Fourteenth Amendment excessive-force claims). Because Plaintiff does not allege excessive force, the Court concludes that the Eighth Amendment's deliberate indifference standard applies to Plaintiff's claims against Defendant Bolton.

conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's allegations that Defendant Bolton allowed Defendant Williams to visit him despite his refusal do not involve the infliction of pain or the denial of life's necessities. Therefore, the allegations do not state a claim under the Cruel and Unusual Punishments Clause. Nor do the allegations present a deprivation that imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" as required to state a claim under the Fourteenth Amendment's Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The complaint, therefore, fails to state a violation of the Eighth/Fourteenth Amendment.

Accordingly, Plaintiff's official and individual-capacity claims against Defendant Bolton must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:




cc: Plaintiff, *pro se*
     Defendants
     Jefferson County Attorney
A961.010

9